IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,779-01






EX PARTE MATTHEW LEE SORENSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 18806 HC-1 IN THE 6th DISTRICT COURT


FROM LAMAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to 8 years' imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal. The Applicant also contends that his plea was rendered involuntary
due to the ineffective assistance of his counsel. Specifically, the Applicant contends that counsel
falsely promised him he would receive less than 7 years' imprisonment if he entered an open plea
of true at the hearing revoking his community supervision. (1) 

 The trial court, after holding a hearing, has entered findings of fact and conclusions of law
recommending that relief be denied. However, the trial court's findings are not supported by any
testimony or affidavit by counsel or the inclusion of the transcript from the hearing on the motion
to revoke Applicant's community supervision. As this Court indicated in its original remand order,
the Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claims of ineffective assistance
of counsel on appeal, and involuntary plea. Specifically, the trial court shall obtain an affidavit from
counsel, or obtain live testimony from counsel at an evidentiary hearing addressing Applicant's
claims.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal because Applicant's counsel failed to timely file a notice of appeal, and whether
Applicant's plea has been rendered involuntary due to false promises which were made by counsel. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 6, 2008

Do not publish

1. The written record clearly indicates that Applicant did not receive deferred adjudication
in this cause. In addition, the docket sheets included in the record reflect that Applicant waived
only his right to appeal regarding the original imposition of probation.